IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY and ANNE CLEMENTS,
on behalf of themselves
and all others similarly situated                                         PLAINTIFFS

V.                                    Civil No. 4:13-cv-4048

DIRECTV, LLC                                                               DEFENDANT

## ORDER

Before the Court is Plaintiffs Larry and Anne Clements' Motion to Strike (ECF No. 12) and Motion for Remand (ECF No. 8). Defendant DIRECTV, LLC ("DIRECTV") has responded. (ECF Nos. 27 & 29). DIRECTV has also filed a Notice of Supplemental Declaration (ECF No. 28) and a Notice of Supplemental Authority in support of its opposition to Plaintiffs' Motion to Remand and Strike. (ECF No. 30). Plaintiffs have responded to the Notice of Supplemental Authority. (ECF No. 32). The Court finds the matter ripe for consideration.

## BACKGROUND

On March 13, 2013, Plaintiffs filed this class action in the Circuit Court of Miller County, Arkansas against DIRECTV. Subsequently, on April 5, 2013, Plaintiffs filed their First Amended Complaint. In their First Amended Complaint, Plaintiffs allege that DIRECTV converted Arkansas customers' property when it made unauthorized charges on their credit and debit cards. Plaintiffs seek relief in the form of compensatory damages, punitive damages, and attorneys' fees.

Plaintiffs' claims are limited to those unauthorized charges initiated by DIRECTV. DIRECTV initiates charges when customers cancel their accounts and an outstanding balance remains. Following cancellation, DIRECTV sends notice of the remaining balance and gives customers an opportunity to pay by a method of their choice. If customers fail to pay within 15 days, DIRECTV initiates a charge on the credit or debit cards that customers placed on file when they activated their accounts. Plaintiffs claim that DIRECTV initiates these charges without legal authorization. They propose a class period for those charges that occurred on Arkansas residents' accounts within three years preceding the filing of the action and up through the entry of final judgment.

Upon service of Plaintiffs' First Amended Complaint, DIRECTV removed the action to this Court. DIRECTV asserts that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). To prove jurisdiction under CAFA, DIRECTV offers a Declaration by Roger Garvin ("Garvin"), its Director of Financial Operations. In his Declaration, Garvin states that DIRECTV initiated 31,110 charges on the credit and debit cards of Arkansas residents which amounted to $5,599,114.61. Garvin used a 600-page spreadsheet generated by DIRECTV to compute these figures. This spreadsheet is attached to Garvin's Declaration.

Following DIRECTV's removal, Plaintiffs filed a Motion for Remand arguing that DIRECTV has not established federal jurisdictional requirements. Plaintiff then filed a Motion to Strike arguing that DIRECTV's jurisdictional evidence is inadmissible. The Court will now address these motions separately.

DISCUSSION

A. Motion to Strike

Plaintiffs ask the Court to strike Garvin's Declaration and the attached spreadsheet from the record. Specifically, Plaintiffs argue that the Court cannot consider the documents for jurisdictional purposes because the documents are hearsay. The Eighth Circuit has already heard such an argument and rejected it in *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). In *Raskas*, the plaintiffs argued that the defendants' affidavits were insufficient to establish CAFA jurisdiction because they contained inadmissible hearsay. *Id.* The Eight Circuit disagreed and stated that "[t]he removing party's burden describing how the controversy exceeds $5 million constitutes a pleading requirement, not demand for proof." *Id.* (internal quotations omitted) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.")). Therefore, because the Eighth Circuit only imposes a pleading requirement to establish jurisdiction, Garvin's Declaration and the spreadsheet may be considered in this case. Accordingly, Plaintiffs' Motion to Strike is denied.[1]

Plaintiffs also argue that Garvin's Declaration cannot be considered because it is overinclusive. Specifically, Plaintiffs assert that the Declaration addresses payments willingly made by customers as well payments initiated by DIRECTV. Because Plaintiffs' complaint only applies to those payments *initiated* by DIRECTV, Plaintiffs maintain that the figures in the Declaration are useless.

---

[1] In the alternative, Plaintiffs move the Court to compel jurisdictional discovery. Upon review of the evidence submitted, the Court finds that it is adequate to determine the jurisdictional requirements. Accordingly, Plaintiffs' request is denied.

3

Plaintiffs' argument mischaracterizes Garvin's Declaration. While Garvin's Declaration summarizes all payments made by Arkansas customers to DIRECTV, it goes on to explicitly address only those charges *initiated* by DIRECTV.  Garvin's Declaration reads:

> 5. At my direction, [] inquiries were run [], and the results were as follows. Between April 5, 2010 and April 30, 2013, payments were made by either credit card, debit card, or EFT on 252,238 DIRECTV residential accounts in Arkansas, with the dollar figure of payments made during this period via these payment methods totaling $303,856,035.00.
>
> 7. At my direction and under my supervision, the appropriate queries were run to identify how many successful credit and debit card charges were initiated by DIRECTV to satisfy final bill amounts owed by Arkansas-resident customers during the proposed class period.  The results of that analysis are that, between April 5, 2010 and May 6, 2013, 31,110 such charges were made, totaling $5,599,114.61. The spreadsheet . . . reflects each of these 31,110 separate charges.

(ECF No. 2).  Accordingly, because Garvin's Declaration specifically addresses the initiated charges relevant to Plaintiffs' complaint, the Court will consider it for jurisdictional purposes.

### B. Motion for Remand

Having concluded that Garvin's Declaration and the spreadsheet may be considered, the Court will now determine whether remand is appropriate under CAFA.  "CAFA provides the federal courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, __ U.S. __,133 S.Ct. 1345, 1348-49, 185 L.Ed.2d 439 (2013) (quotations omitted).  In this case, the parties do not dispute that minimal diversity exists.  However, Plaintiffs assert that this Court does not have jurisdiction under CAFA because DIRECTV has not established that the amount in controversy exceeds $5,000,000 or that the class is composed of at least 100 members.  The Court will first address

whether the amount in controversy is satisfied. The Court will then determine whether the class size exceeds 100 members.

### 1. Amount in Controversy

The defendant has the burden of establishing by a preponderance of the evidence that the jurisdictional amount is satisfied. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Under this standard, the defendant need not prove that the damages "*are* greater than the requisite amount," only that a fact-finder "*might* legally conclude that they are." *Id.* (emphasis in original). Once the defendant has met its initial burden, the plaintiff can avoid federal court only by establishing "that it is legally impossible to recover in excess of the jurisdictional minimum." *Id.*

Here, the Court finds that DIRECTV has carried its burden of showing by a preponderance of the evidence that CAFA's amount in controversy requirement has been met. DIRECTV offers Garvin's Declaration to establish the amount in controversy. Garvin's Declaration reports that DIRECTV initiated charges totaling $5,599,114.61 on Arkansas residents' credit and debit cards between April 5, 2012 and May 6, 2013. Given this data, a fact-finder could easily conclude that DIRECTV unlawfully initiated charges over $5,000,000 during the proposed class period. This amount does not take into consideration Plaintiffs' claim for punitive damages and attorneys' fees. The burden now shifts to Plaintiffs to show that it is legally impossible to recover in excess of $5,000,000. Plaintiffs have offered no such evidence. Accordingly, the Court finds that Defendants have sufficiently demonstrated that the jurisdictional amount is satisfied.

## 2. Class Size

DIRECTV also has the burden of demonstrating by a preponderance of the evidence that class made up of at least 100 members. *See City of O'Fallon, Mo. v. CenutryLink,. Inc.*, 930 F. Supp. 2d 1035, 1040 (E.D. Mo. 2013). The Court finds that DIRECTV has carried its burden. DIRECTV again offers Garvin's Declaration to prove the existence of at least 100 class members. In his Declaration, Garvin reported that DIRECTV initiated 31,110 charges on the credit and debit cards of Arkansas residents between April 5, 2012 and May 6, 2013. Clearly, these 31,110 charges were spread amongst 100 people—especially given the fact that these charges happened upon cancellation. Plaintiffs have offered no evidence to refute this number. Accordingly, a fact-finder could easily conclude that DIRECTV unlawfully initiated charges on the credit and debit card accounts of at least 100 Arkansas residents during the proposed class period.

## CONCLUSION

Because Defendants have demonstrated by a preponderance of the evidence that the class has more than 100 members and the amount in controversy exceeds $5,000,000, Defendant has met CAFA's jurisdictional requirements. For the reasons stated above, Plaintiffs' Motion to Strike (ECF No. 12) and Motion for Remand (ECF No. 8) are **DENIED**.[2]

**IT IS SO ORDERED**, this 27th day of February, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Plaintiff's Motion for Remand includes a request for attorneys' fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447. Because the Court has denied Plaintiff's Motion for Remand, the request is moot.